## 4IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DISTRICT

| | |
|---|---|
| JOHN JENNINGS, | )<br>)<br>) |
| Plaintiff, | )<br>) No: 1:13-cv-8811 |
| v. | )<br>) |
| THE CITY OF CHICAGO<br>CHICAGO POLICE OFFICERS<br>UGARTE (Star # 15050), MCCULLUM<br>(Star # 15180),VIVANCO (Star # 17269),<br>HARRIS (Star # 14911), WILLIAMS<br>(Star # 4947), COLEMAN (Star #13056) | )<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | )<br>) **JURY DEMANDED**<br>) |

## CIVIL COMPLAINT

NOW COMES the Plaintiff John Jennings, by and through his attorneys, Brendan Shiller and Shiller Preyar Law Offices, complaining of Defendants, and in support thereof states as follows:

### INTRODUCTION

1. This action is brought pursuant to 42 U.S.C. § 1983 to address deprivations of Plaintiff's rights under the Constitution of the United States.

### JURISDICTION

2. The jurisdiction of this Court is invoked pursuant to the Civil Rights Act, 42 U.S.C. § 1983; the Judicial Code, 28 U.S.C. §§ 1331 and 1343(a); the Constitution of the United States; and pendent jurisdiction for state claims as provided in 42 U.S.C. § 1367(a).

### VENUE

3.     Venue is proper pursuant to 28 U.S.C. § 1391(b).  The events alleged within all occurred in the Northern District of Illinois.

## THE PARTIES

4.     John Jennings is a United States citizen who resides in the Northern District of Illinois.

5.     Defendant Chicago Police Officers Ugarte (Star #15050), Vivanco (Star #17269), McCullum (Star #15180), Harris (Star # 14911), Williams (Star #4947), and Coleman (Star #13056)  (referred to herein as "Defendant Officers") are present or former employees of the City of Chicago Police Department.  The Defendant Officers engaged in the conduct complained of while on duty and in the course and scope of their employment and under color of law.  Defendant Officers are sued in their individual capacities.

6.     Defendant City of Chicago is a municipal corporation duly incorporated under the laws of the State of Illinois, and is the employer and principal of the Defendant Officers.  At all times relevant hereto, all Defendants were acting under the color of law and within the scope of their employment with Defendant City of Chicago.

## BACKGROUND

7.     On or about September 17, 2009, Plaintiff and two acquaintances were attempting to repair his sister's car which was parked on the side of the road near the corner of 85th street and Wabash in Chicago, Illinois.

8.     Shortly after beginning the repairs, Defendant Officers Harris and McCullum pulled up in their squad car next to Plaintiff's vehicle and asked Plaintiff Jennings and his acquaintances where "the gun" was located.

2

9. After denying that they had any weapons, Defendant Officer McCullum searched Plaintiff's vehicle, then handcuffed Plaintiff and began to search his person.

10. Defendant Officer McCullum did not have probable cause to search the vehicle or Plaintiff's person.

11. Defendant Officer McCullum did not have probable cause to seize Plaintiff by placing him in handcuffs.

12. During the search on the side of the road, Defendant Officer McCullum pulled down Plaintiff's pants and underwear to his ankles and then penetrated Plaintiff's anus with his fingers.

13. Officer McCullum did not have probable cause to believe that contraband would be found in Plaintiff's body.

14. Officer McCullum did not find illegal guns or narcotics inside Plaintiff or in his possession.

15. Upon completion of their search, Defendants Harris and McCullum left the scene without charging Plaintiff with any crime.

16. Shortly thereafter, Plaintiff Jennings lodged a complaint with the Chicago Police Department against Officer McCullum.

17. Thereafter, on or about June 2, 2010, at a car wash near 77th and State Streets in Chicago, Plaintiff was waiting in line to get his car washed when several unmarked squad cars pulled into the car wash parking lot and surrounded Plaintiff's vehicle.

18. Defendant Officer Coleman proceeded to pull Plaintiff out of his vehicle and place him in handcuffs.

19. Defendant Officer Coleman began searching Plaintiff's vehicle while Defendant Officer Ugarte escorted Plaintiff to the back of Officer Ugarte's squad car.

20. Therein, Officer Ugarte told Plaintiff that if he revealed the location of contraband, he would "make things much easier" on Plaintiff.

21. Plaintiff denied having any knowledge of contraband and in response, Officer Ugarte produced an unknown substance from his pocket and informed Plaintiff that he could "make this whole thing go away" if Plaintiff revealed the location of guns or drugs.

22. Plaintiff insisted that he did not have contraband and thereafter, Defendant Officer Ugarte formally placed Plaintiff under arrest and charged Plaintiff with possession of a controlled substance.

23. Officer Ugarte did not have probable cause to arrest Plaintiff.

24. Plaintiff was not in possession of a controlled substance.

25. Plaintiff bonded out the same day and the charges were dismissed.

26. On or about July 23, 2010, in response to the June 2, 2010 arrest, Plaintiff lodged a complaint against Officer Ugarte with the Department of Internal Affairs.

27. On December 19, 2010, Plaintiff's Complaint was determined to be unfounded.

28. On October 11, 2010, a few blocks away from the car wash, Plaintiff was waiting at a stoplight in a vehicle when Defendant Officers Ugarte and Vivanco maneuvered their vehicle in front of Plaintiff's and proceeded to approach Plaintiff and his passenger.

29. Defendant Officer Vivanco then pulled Plaintiff out of the vehicle.

30. Officer Ugarte then handcuffed and placed Plaintiff in the back of the squad car.

31. Neither Officer Vivanco nor Officer Ugarte had probable cause to arrest Plaintiff.

32. Officer Ugarte informed Plaintiff that he had been looking for him ever since Plaintiff lodged the complaint against Officer Ugarte from the June 2, 2011 incident.

33. Officers Ugarte and Vivanco placed Plaintiff under arrest and charged him with possession of a controlled substance with intent to distribute.

34. Plaintiff was not in possession of a controlled substance.

35. A result of the October 11, 2010 arrest and possession charge, a three day trial commenced on or about June 22, 2013.

36. On June 25, 2013, Plaintiff was acquitted of all charges against him.

37. In the interim, on December 13, 2011, while parked in front of his family home, Defendant Office Vivanco and Officer Williams pulled up in front of Plaintiff's vehicle and approached on foot.

38. Defendant Officer Vivanco pulled Plaintiff out of his vehicle and began to search Plaintiff's person.

39. Officer Vivanco did not have probable cause to seize Plaintiff or to search his person.

40. After failing to discover contraband, Defendant Officer Vivanco and Officer Williams left without charging Plaintiff with a crime.

## COUNT I

### 42 U.S.C. §1983 – Unlawful Seizure / False Arrest
### Against Officer Vivanco and Officer Williams

41. Plaintiff re-alleges and incorporates all of the allegations in the preceding paragraphs.

42.     On December 13, 2011, Defendant Officer Vivanco knowingly searched and seized Plaintiff without probable cause or any other justification. Such actions constitute deliberate indifference to Plaintiff's rights under the United States Constitution, in violation of the Fourth and Fourteenth Amendments to the United States Constitution.

43.     As a result of the unlawful seizure, Plaintiff was injured, including loss of liberty, emotional damages, trauma, humiliation, mental distress, and anguish. .

44.     The actions of the Defendant Officer Vivanco was objectively unreasonable and were undertaken intentionally with malice, willfulness, and reckless indifference to Plaintiff's rights.

WHEREFORE, Plaintiff demands judgment against the Defendant Officer Vivanco for compensatory damages, punitive damages, costs and attorney's fees, and such other and additional relief as this Court deems equitable and just.

## COUNT II

### State Claim- Malicious Prosecution
### Against Defendants Ugarte and Vivanco

45.     Plaintiff re-alleges and incorporates all of the allegations in the preceding paragraphs.

46.     Defendant Officers knowingly and maliciously caused the criminal charge of possession of a controlled substance to be filed and prosecuted against the Plaintiff for the October 11, 2010 arrest.

47.     There was no probable cause for the institution of such criminal charges.

48.     Criminal charges against the Plaintiff for the October 11, 2010 arrest were dismissed in June, 2013.

6

49. Defendants' actions were objectively unreasonable and undertaken intentionally with malice, willfulness, reckless indifference to Plaintiff's rights.

50. Defendant City of Chicago is the employer of the Defendant Officers who participated in the investigation and prosecution.

51. Defendant City of Chicago is liable, under the theory of *respondeat superior,* for the malicious prosecution of Plaintiff by any of its employees as such acts were committed in the course and scope of their employment and in furtherance of their employment with the City of Chicago.

WHEREFORE, Plaintiff demands judgment against the Defendants for compensatory damages, punitive damages, costs, and such other and additional relief as this Court deems equitable and just.

## COUNT III

### 42 U.S.C. §1983 - Equal Protection – Class of One
### Against All Individual Defendants

52. Plaintiff re-alleges and incorporates all of the allegations in the preceding paragraphs.

53. Defendant Officers falsely arrested Plaintiff, intimidated him, knew that prosecutors would rely on their false reports, knew that Plaintiff faced criminal charges and knew that charges against Plaintiff following the June 2, 2010 and October 11, 2010 arrests, were baseless.

54. Defendant Officers continued their pattern of misconduct, including attempting to intimidate Plaintiff by unlawfully searching his vehicle and person without probable cuase on four separate occassions over the course of three years.

7

55. Defendant Officers intentionally treated Plaintiff differently than others similarly situated.

56. There was no rational basis for the difference in treatment.

57. Defendant Officers were motivated by illegitimate animus against the Plaintiff.

WHEREFORE, Plaintiffs demand judgment against the Defendants for compensatory damages, punitive damages, costs, and such other and additional relief that this Court deems equitable and just.

## COUNT IV

### 42 U.S.C. §1983 – Due Process (*Newsome*) Claim
### Against All Individual Defendant Officers

58. Plaintiff re-alleges and reincorporates all previous paragraphs.

59. Under 42 U.S.C. § 1983, a person who, acting under color of state law, deprives another person of his federal constitutional rights is liable to the injured party.

60. The Fourteenth Amendment to the United States Constitution, enforceable pursuant to 42 U.S.C. § 1983, provides that no state shall deprive any person of life, liberty, or property, without due process of law. The individual Defendants' conduct violated Plaintiff's rights to due process.

61. Beginning on September 17, 2009, through and including the eventual acquittal of Plaintiff on June 24, 2013, Defendant Officers expressly or impliedly formed an agreement amongst themselves to deprive Plaintiff of his constitutionally protected rights to be free from false arrest and to have his due process rights as guaranteed by the United States Constitution.

62. Plaintiff was prejudiced by the above described actions of the Defendant Officers because disclosure of suppressed, exculpatory evidence would have affected the prosecution's decision to take the charges against him to trial.

63. Said suppressed, exculpatory evidence includes, but is not limited to, false reports and false testimony.

64. The conduct described above has been done willfully, wantonly, and intentionally to obstruct justice and deprive Plaintiff of due process of law.

65. As a result of this conspiracy to deprive Plaintiff of his constitutional rights, Plaintiff was injured, including loss of liberty, conditions of bond, physical damages, legal fees, trauma, mental distress, and emotional damages.

WHEREFORE, Plaintiff demands judgment against the Individual Defendant Officers, jointly and severally, for compensatory damages, punitive damages, reasonably attorneys' fees, costs, and expenses, and such other additional relief that this Court deems equitable and just.

## COUNT V

### 42 U.S.C. Civil Conspiracy to Interfere with the Rights of Plaintiff
### Against All Individual Defendants

66. Plaintiff re-alleges and incorporates all of the allegations in the preceding paragraphs.

67. Beginning on December 13, 2009, through and including Plaintiff's trial in June of 2013, Defendant Officers, among themselves, expressly or impliedly formed an agreement to falsely arrest and illegally seize Plaintiff on four separate occasions, in violation of his constitutional rights and deprive Plaintiff of his right to a fair trial.

68. In furtherance of this conspiracy, Defendant Officers agreed to fabricate and conceal material evidence, testify falsely, destroy or hide exculpatory evidence, harass and intimidate Plaintiff by arresting and searching his vehicle and person without probable cause on four occasions over the course of three years.

69. Specifically, Defendant Officers took the following acts in furtherance of this conspiracy: fabricated police reports; relied on, or made, sworn, false statements to fabricate probable cause to charge Plaintiff with possession of a controlled substance on two separate occassions.

70. Furthermore, Defendant Officers took the acts set forth supra, in Paragraphs 7-40 of this Complaint, in furtherance of their agreement to deprive Plaintiff of his due process right to a fair trial, of his constitutional right to be free from false arrest and/or illegal search and seizure.

71. The conduct described above has been done willfully, wantonly, and intentionally to obstruct justice by attempting to conceal the misconduct of Defendant Officers.

72. As a result of this conspiracy to deprive Plaintiff of his constitutional rights, Plaintiff was injured, including loss of liberty, conditions of bond, legal fees, trauma, mental distress, and severe emotional damages.

WHEREFORE, Plaintiff demands judgment against Defendants for compensatory damages, punitive damages, costs, and such other and additional relief that this Court deems equitable and just.

## COUNT VI

*Respondeat Superior* **Liability Against the City of Chicago
for State Law Claims Against Individual Officers**

10

73. Plaintiff re-alleges and incorporates all previous paragraphs.

74. Defendant City of Chicago is the employer of Defendant Officers.

75. Defendant City of Chicago is liable for its employees' actions committed while in the scope of their employment as duly appointed police officers under the doctrine *of respondeat superior*.

76. The acts of Defendant Officers described in the state law claims specified above were willful and wanton and committed in the scope of their employment as employees of the Defendant City of Chicago.

77. As a proximate cause of Defendant Officers' unlawful acts, which occurred within the scope of their employment activities, Plaintiff was injured.

WHEREFORE, Plaintiff demands judgment against Defendant City of Chicago for compensatory damages, costs, and such other and additional relief that this Court deems equitable and just.

## COUNT VII

### State Indemnity Claim - 745 ILCS 10/9-102

78. Plaintiff re-alleges and incorporates all of the allegations in the preceding paragraphs.

79. In committing the acts alleged, the Defendant Officers were members and agents of the Chicago Police Department, acting at all relevant times within the scope of their employment.

80. Defendant City of Chicago is the employer of the Defendant Officers.

81. In Illinois, public entities are directed to pay for any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities. 745 ILCS 10/9-102.

82. As a proximate cause of Defendant Officers' unlawful acts, which occurred within the scope of their employment activities, Plaintiff suffered physical and emotional injuries.

WHEREFORE, Plaintiff Jennings, demands judgment against the Defendants jointly and severally, for compensatory damages, punitive damages, costs, and attorneys' fees, lost wages, medical expenses, and such other and additional relief as this court deems equitable and just.

**PLAINTIFF DEMANDS TRIAL BY JURY.**

Respectfully submitted,

JOHN JENNINGS

By One of HIS Attorneys:

s/ Brendan Shiller
Brendan Shiller

Shiller*Preyar Law Offices
1100 W. Cermak Rd., Suite B401
Chicago, IL 60608
(312) 226-4590